**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2919

_____

MARCELLA LUANA DOS SANTOS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No.  A209-154-458)
Immigration Judge: John B. Carle

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2022

_____

Before: CHAGARES, Chief Judge, AMBRO and FUENTES, Circuit Judges

(Filed: June 17, 2022)
_____

OPINION[*]
_____

CHAGARES, Chief Judge.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Marcella Luana Dos Santos petitions this Court to review a decision by the Board of Immigration Appeals ("BIA") to dismiss her appeal from an Immigration Judge's ("IJ") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

I.[1]

Dos Santos, a native and citizen of Brazil, entered the United States in July 2016. The Government initiated removal proceedings and she conceded inadmissibility and sought asylum, withholding of removal, and CAT protection. At the hearing before the IJ, Dos Santos testified to an incident in February 2014 during which she witnessed her neighbor, a gang member, shoot and kill someone in front of her home. The gang member thereafter repeatedly threatened Dos Santos and her children to prevent her from reporting him to the authorities. On one occasion, the gang member purposely drove his car at her to scare her. The gang member's threats and intimidation ultimately caused Dos Santos to flee Brazil.

The IJ denied Dos Santos's claims for relief on numerous grounds. The BIA dismissed her appeal. Dos Santos timely filed this petition for review.

---

[1] Because we write for the parties, we recite only those facts pertinent to our decision.

II.[2]

A.

Dos Santos contests the agency's determination that she did not experience harm rising to the level of past persecution for purposes of her asylum and withholding claims. We review this factual finding under the highly deferential substantial evidence standard. Thayalan v. Att'y Gen., 997 F.3d 132, 137 (3d Cir. 2021). The agency's finding is conclusive unless any reasonable adjudicator would be compelled to conclude the contrary. Id.

Substantial evidence supports the agency's finding that the gang member's threats did not rise to the level of persecution. We have held that "unfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution." Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005). Vague threats — even death threats — are not necessarily sufficiently concrete or imminent. Id. Here, Dos Santos lived in the same home for more than two years after the gang member committed the murder and began threatening her, but he never physically harmed her. His threats, while frightening, were vague and were conditioned on Dos Santos reporting the gang member to the police, which she did not do. According to Dos Santos, after she left Brazil in 2016, the gang

---

[2] The BIA had jurisdiction over Dos Santos's appeal of the IJ's decision under 8 C.F.R. § 1003.1(b). We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where the BIA adopts the IJ's findings and discusses the bases for the IJ's decision, we may review both decisions. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

member never contacted Dos Santos again or asked her family members about her whereabouts.

Dos Santos argues that the agency overlooked factual evidence that she put forth in support of her past persecution claim. She refers to the gang member's repeated threats and the incident involving a car, both of which the IJ expressly considered. The only fact she identifies that the IJ did not discuss is that the gang member "attacked her property." Dos Santos Br. 13. Dos Santos did not testify to such an attack, however. Rather, Dos Santos testified that the gang member and his cohorts said they were "going to go into [her] house" on one occasion after she had left the country. Administrative Record ("A.R.") 152. Dos Santos did not testify that the gang member entered her house or "attacked" her property on that occasion or any other. This unfulfilled threat to property, considered in light of the other evidence of record, is not sufficient to compel any reasonable factfinder that Dos Santos suffered past persecution. See Thayalan, 997 F.3d at137; Chavarria v. Gonzalez, 446 F.3d 508, 517 (3d Cir. 2006). This claim therefore lacks merit.

B.

Dos Santos next claims that she is entitled to asylum and withholding of removal because she established membership in three cognizable particular social groups ("PSGs"). The IJ concluded that the proposed PSGs were not cognizable, and the BIA agreed. The Government suggests that, regardless of cognizability of the PSGs, Dos Santos failed to contest the agency's other independently dispositive determinations that she failed to establish a nexus between any harm and her membership in one of the three

4

proposed PSGs and that she failed to show that relocation within Brazil would not be reasonable. Because we agree regarding relocation and that issue is dispositive, we need not consider the remaining issues.

An applicant who has not established past persecution bears the burden to show, among other things, that it would be unreasonable to relocate within the country. See 8 C.F.R. § 1208.13(b)(3)(i); 8 C.F.R. § 1208.16(b)(3)(i). There is substantial evidence to support the agency's conclusion that relocation would have been reasonable for Dos Santos. As the IJ observed, Brazil is a very large country and Dos Santos offered no evidence that the gang member's criminal reach extended beyond Dos Santos's town. Dos Santos also did not testify to attempting to leave the area in the two years that the gang member harassed her, apart from one weekend trip in Spring 2015. She did not present any evidence that the gang member knew where she went during that trip or located her there. Instead, she speculated only that he might "have other people in other places" to locate her, and so she returned home. A.R. 142. Yet Dos Santos testified that, after left she her town for good in 2016, the gang member did not ask her family members who remained there about her whereabouts, and she has not heard from him since.

Dos Santos does not challenge the relocation determination in her petition to this Court, and the record evidence does not compel a conclusion that relocation within Brazil would be unreasonable. We therefore agree with the agency's decision to deny asylum and withholding of removal.

## III.

For the foregoing reasons, we will deny the petition for review.[3]

---

[3] Dos Santos did not present any arguments concerning the agency's denial of CAT protection in her submissions to this Court. She therefore has forfeited any challenge to the denial of CAT relief.